# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIAN LOCKHART | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:18-cv-1497 (JCH) |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al. | : | JANUARY 4, 2019 |
|     Defendants. | : | |

**RULING RE: AMENDED COMPLAINT (Doc. No. 10)**

On September 6, 2018, the plaintiff, Julian Lockhart ("Lockhart"), an inmate currently confined at Garner Correctional Institution ("Garner") in Newtown, Connecticut, filed a complaint pro se, pursuant to title 42, section 1983 of the United States Code, against eight Connecticut Department of Correction ("DOC") employees in their individual and official capacities for violating his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and for negligence. Compl. (Doc. No. 1) at 9, 15. The eight defendants are Commissioner of Correction Scott Semple, Warden Falcone, Deputy Warden Dilworth, Deputy Warden Kim Jones, Correction Officer Camacho, Correction Officer Hancock, Correction Officer Labbe, and Dr. John Doe (unidentified). Id. at 2-4.

On November 7, 2018, this court issued its Initial Review Order dismissing the Complaint without prejudice to replead. Initial Review Order (Doc. No. 9) at 1. The court ruled that Lockhart failed to state a plausible claim for relief under title 28, section 1915A of the United States Code, but gave him an opportunity to submit an amended complaint with additional factual allegations to support his First and Eighth Amendment

claims.  Id. at 12.  On November 20, Lockhart filed an Amended Complaint restating his constitutional and state law claims.  Am. Compl. (Doc. No. 10).  For the following reasons, the Amended Complaint is dismissed in part.

I.     **STANDARD OF REVIEW**

Pursuant to title 28 section 1915A of the United States Code, this court must review prisoner civil complaints and dismiss any portion of a complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic, 550 U.S. at 570.  Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

II.    **FACTUAL ALLEGATIONS IN AMENDED COMPLAINT**

DOC policy does not permit inmate access to outdoor recreation during the winter months.  Am. Compl. at ¶ 19.  In late 2016, a leak in the roof resulted in damage to the tiled floor in the Garner gymnasium.  Id. at ¶ 15.  Defendants Falcone, Jones, and Dilworth thereafter decided to have the floor tiles in the gymnasium torn up

2

and removed pending contract approval for resurfacing. Id. at ¶ 16. Over the next several weeks, maintenance workers under the direction of defendant Labbe removed the tiles in the gymnasium. Id. at ¶ 17. The project resulted in a rough, uneven floor, which condition continued until the summer of 2017. Id. at ¶¶ 17-18. However, the gymnasium remained open during that time. Id. at ¶ 20.

When the tiles were removed, defendants Semple, Falcone, Jones, and Dilworth knew that the gymnasium floor at Garner was not suitable for inmate recreation. Id. at ¶ 21. Nevertheless, they refused to close the gymnasium during that time. Id. Lockhart has received information that there have been at least four inmate injuries on the recreation yard or in the gymnasium at Garner during 2016 and 2017. Id. at ¶ 23. Moreover, prior to tearing up the Garner gymnasium's floor, the defendants had spent more than $100,000 to repair the floor in the Echo Unit housing block at Garner and more than $100,000 to repair the roof of the gymnasium. Id. at ¶ 22.

On May 25, 2017, Lockhart attended recreation in the gymnasium. Id. ¶ 24. At approximately 9:15 a.m., while playing basketball on the uneven and damaged floor, Lockhart tripped and fell, tearing his Achilles tendon. Id. at ¶¶ 25-26. The injury caused him significant pain and limited mobility. Id. at ¶ 26. Defendants Labbe, Camacho, and Hancock were all present during the incident. Id. at ¶ 35. None of them called a medical code over the radio, in accordance with standard operating procedure, or offered Lockhart any assistance in going to the medical unit. Id. at ¶¶ 38, 40.

Lockhart went to the Outpatient Medical Area at Garner where he was evaluated by Dr. Valletta. Id. at ¶ 28. Valletta referred Lockhart for emergency treatment at the

UConn Health Center ("UConn"). Id. However, Lockhart was not sent to UConn until 4:30 p.m., seven hours after the injury. Id. During that time, he was ordered to remain in his housing unit. Id. at ¶ 29. Medical staff at Garner provided him with crutches and ibuprofen. Id. A medical incident report was also generated. Id. at ¶ 30. Despite having "specific knowledge" of Lockhart's injury, Semple, Falcone, Jones, and Dilworth failed to take any action "that would have lessened the risk of additional pain and suffering and aided in [Lockhart's] treatment/recovery," such as housing him in the infirmary or a handicap-accessible cell or immediately sending him to a hospital for treatment. Id. at ¶¶ 31-32.

Lockhart arrived at UConn at approximately 4:30 p.m. Id. at ¶ 44. After being briefed on the incident, Dr. Doe performed a "cursory exam[ination]" of Lockhart's injury. Id. at ¶¶ 45-46. Dr. Doe did not order any imaging tests or diagnostic procedures. Id. at ¶ 46. Afterward, he informed Lockhart that his options were to either undergo surgery to reattach his Achilles or medicate the injury without surgery. Id. at ¶ 47. However, Dr. Doe assured Lockhart that medicating the injury without surgery would ultimately heal the tendon and that undergoing surgery would expose him to possible infection. Id. Lockhart ultimately declined the surgery. Id. at ¶ 48. Dr. Doe then ordered Lockhart to wear a hard cast on his foot for two weeks, followed by a medical boot for six months. Id. at ¶ 50.

Lockhart adhered to Dr. Doe's instructions over the next six months. Id. at ¶ 50. During that time, Dr. Doe was "periodically apprised of [his] condition." Id. at ¶ 52. When the medical boot was removed six months later, Lockhart discovered that his

4

tendon did not fully heal and that he had lost significant mobility in his foot. Id. at ¶ 51.
He specifically requested additional treatment and corrective surgery, but such
treatment was never provided. Id. at ¶¶ 53-54. As a result, the plaintiff sustained a
"permanent debilitating injury." Id. at ¶ 55.

## III. ANALYSIS

In his Amended Complaint, Lockhart is suing Semple, Falcone, Dilworth, Jones, Camacho, Hancock, and Labbe (collectively "DOC defendants") for negligence[1] and acting with deliberate indifference to his safety, in violation of his Eighth Amendment protection against cruel and unusual punishment, by exposing other inmates and him to the unfinished gymnasium floor at Garner. Id. at ¶¶ 62-63, 65. He is suing Dr. Doe for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and for medical malpractice.[2] Id. at ¶¶ 64, 66.

The court dismissed Lockhart's Eighth Amendment claims as stated in the original Complaint because the facts alleged, although plausibly supporting a claim of

---

[1] As stated in the Initial Review Order, this court may not entertain a state law negligence claim or medical malpractice claim. Initial Review Order at 7, 10 n.1. These claims are barred by Connecticut General Statutes §§ 4-160(b) and 4-165, and medical malpractice without deliberate indifference is insufficient to be actionable under section 1983. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996); see also Brown v. Uconn Managed Health Care, No. 3:13-CV-931 JBA, 2015 WL 4509432, at *2 (D. Conn. July 24, 2015) ("Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983."). Therefore, the negligence and medical malpractice claims remain dismissed.

[2] The court dismissed Lockhart's Fourteenth Amendment substantive due process claim against Dr. Doe with prejudice because it was entirely duplicative of his Eighth Amendment claim for deliberate indifference to medical needs. See Initial Review Order at 11-12. Although the court dismissed the First Amendment retaliation claim without prejudice, and gave Lockhart an opportunity to amend the Complaint with additional facts, id. at 7-8, 12, the Amended Complaint does not allege any facts in support of the First Amendment claim. Therefore, Lockhart has abandoned his First Amendment claim against the defendants.

5

negligence, did not plausibly allege that any of the defendants acted with deliberate indifference to his safety or medical needs. Initial Review Order at 6, 10. With respect to the claim against the DOC defendants, there were no facts showing that those defendants forced Lockhart or any inmate to recreate in the gymnasium, deliberately delayed corrective maintenance, or ignored complaints about safety risks created by the unfinished floor. Id. at 6–7. The claim against Dr. Doe was insufficient because there were no facts showing that he "conscious[ly] disregard[ed] . . . a substantial risk of serious harm" to Lockhart or acted contrary to accepted medical standards. Id. at 10 (quoting Young-Flynn v. Wright, No. 05-CIV-1488 (LAK), 2007 WL 241221, at *15 (S.D.N.Y. Jan. 26, 2007); citing Stevens v. Goord, 535 F. Supp. 2d 373, 385 (S.D.N.Y. 2008)).

      The court concludes that the Amended Complaint has not cured the pleading deficiency of Lockhart's Eighth Amendment claim against Semple, Falcone, Jones, or Dilworth. He alleges that these defendants knew about the unsafe conditions in the Garner gymnasium but, nevertheless, refused to close it for inmate use during the winter of 2016 and spring of 2017. In the Amended Complaint, he added that there were at least four inmate injuries on the recreation yard or in the gymnasium at Garner during that time and that the defendants spent thousands of dollars on other construction projects at Garner. See Am. Compl. at ¶¶ 22-23. These new allegations do not plausibly allege that the defendants acted with deliberate indifference to the safety of Lockhart or any inmate by permitting inmates to use the gymnasium. While the allegations certainly state a plausible negligence claim against the defendants,

negligence is insufficient to satisfy the subjective element of the Eighth Amendment standard. See Steele v. Ayotte, No. 3:17-CV-1370 (CSH), 2018 WL 731796, at *5 (D. Conn. Feb. 6, 2018) (prison official's subjective intent must be "something more than mere negligence") (quoting Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000)). Therefore, the Eighth Amendment claim against Semple, Falcone, Jones, and Dilworth remains dismissed.[3]

The Amended Complaint also alleges that defendants Labbe, Camacho, and Hancock acted with deliberate indifference by refusing to call a medical code over the radio or offer Lockhart any assistance after he injured himself in the gymnasium. Am. Compl. at ¶¶ 38-40, 63. However, these allegations conflict with those stated in the original Complaint. Initially, Lockhart alleged that Hancock had asked him if he needed medical attention and/or a wheelchair after the incident, but Lockhart declined because he "didn't want to mess up gym time by calling a 'code white.'" Compl. at 10, ¶ 3. Lockhart now appears to have changed his position toward Hancock and argues that he and the other defendants present during the incident should have done more to assist him after he had injured himself. See Am. Compl. at ¶¶ 37–41. Even if the court were to look past this material change to the alleged facts of the case, the Amended Complaint does not contain sufficient facts to plausibly allege that Hancock, Labbe, or

---

[3] The Amended Complaint also alleges that Semple, Falcone, Jones, and Dilworth "failed to order appropriate remedies that would have lessened the risk of additional pain and suffering and aided in [Lockhart's] treatment/recovery" during the seven-hour period while Lockhart was awaiting transport to UConn. Am. Compl. at ¶ 31. This allegation is conclusory and devoid of any facts showing how these defendants became aware of Lockhart's injury or whether they refused any requests by Lockhart for additional treatment.

Camacho acted with deliberate indifference. There are no factual allegations showing that Lockhart asked any of them for assistance or that they knew the seriousness of Lockhart's injury. Thus, the Eighth Amendment claim against Labbe, Camacho, and Hancock remains dismissed.

With respect to the deliberate indifference to medical needs claim against Dr. Doe, the Amended Complaint alleges that Dr. Doe did not order any imaging tests or diagnostic procedures during his initial examination of Lockhart in May 2016 and that he was "periodically apprised of [Lockhart's] condition" during the six-month period when Lockhart wore the medical boot. Am. Compl. at ¶¶ 46, 52. Lockhart describes Dr. Doe's initial examination of his injury as "cursory," id. at ¶ 46, and concludes that Dr. Doe, "being a trained doctor with orthopedic experience," knew that Lockhart faced a risk of permanent injury by opting out of surgery, id. at ¶ 49. As a result of opting out of surgery based on Dr. Doe's explanation, Lockhart suffered a "permanent debilitating injury," id. at ¶ 55, and Dr. Doe failed to offer any further treatment or examination, id. at ¶¶ 53-54.

As stated in the Initial Review Order, "medical decisions that are contrary to accepted medical standards may exhibit deliberate indifference, because the doctor has based his decision on something other than sound medical judgment." Initial Review Order at 10 (quoting Stevens, 535 F. Supp. 2d at 385). Construed liberally, Lockhart's new allegations that Dr. Doe failed to conduct an adequate examination of Lockhart's injury or offer any further treatment throughout the six-month period during which Lockhart showed no signs of recovery plausibly show a substantial departure from

acceptable medical standards in his treatment of Lockhart. Given that Lockhart also alleges that Dr. Doe had personal knowledge of Lockhart's poor recovery, the Amended Complaint plausibly alleges that Dr. Doe consciously disregarded a substantial risk of serious harm to Lockhart. See Thomas v. Arevalo, No. 95 CIV. 4704 (SS), 1998 WL 427623, at *8 (S.D.N.Y. July 28, 1998) (noting that deliberate indifference can be manifested by a doctor's failure to address a known medical problem despite personal knowledge of the seriousness of the condition). Thus, the court will permit the Eighth Amendment claim to proceed against Dr. Doe.

## ORDER

The case may proceed on the Eighth Amendment claim for deliberate indifference to medical needs against Dr. Doe in his individual and official capacities. All other claims remain dismissed.

However, this court cannot effect service on Dr. Doe because his identity remains unknown. The Clerk's Office is directed to identify and appoint pro bono counsel for the limited purposes of (1) assisting Lockhart in identifying Dr. Doe and adding him as a named defendant in the case; and (2) assisting Lockhart in determining whether Dr. Doe can provide the equitable relief that Lockhart seeks in his Amended Complaint. If counsel believes that Lockhart cannot secure the requested equitable relief against Dr. Doe in his official capacity, then counsel is directed to (1) assist Lockhart in identifying which persons, if any, could be successfully sued to secure that relief; and (2) assist Lockhart in amending his Amended Complaint to add claims

against those persons.  Lockhart must file any such Second Amended Complaint no later than February 4, 2019.

**SO ORDERED** this 4th day of January 2019 at New Haven, Connecticut.

<u>/s/ Janet C. Hall</u>
Janet C. Hall
United States District Judge